**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4390

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHLEY LYNN GRIGGS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:22-cr-00059-RBH-6)

Submitted:  May 21, 2024                          Decided:  May 23, 2024

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** James T. McBratney, Jr., MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant.  Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Lynn Griggs appeals her conviction and the 120-month sentence imposed after she pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but discussing whether the district court complied with Fed. R. Crim. P. 11 in accepting Griggs' guilty plea. Griggs has filed a pro se supplemental brief, asserting that counsel was ineffective in that counsel failed to investigate whether a statement Griggs provided to law enforcement ("the Statement") should have been suppressed and likewise failed to seek to suppress the Statement. Griggs asserts that, because she was on probation for another offense when she gave the Statement, she could not have waived her right to counsel during questioning without counsel present. The Government moves to dismiss the appeal based on the appellate waiver in Griggs' plea agreement. Upon review, we dismiss in part and affirm in part.

We first conclude that Griggs has waived her right to appeal her conviction and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive h[er] appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Griggs knowingly and voluntarily entered her guilty plea and understood the waiver. We therefore grant the Government's motion to dismiss, in part.

Turning to Griggs' claim that counsel rendered ineffective assistance, such a claim is more appropriately considered in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255, unless counsel's alleged deficiencies conclusively appear on the record. *See United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted); *see also United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020) (declining to consider claim on direct appeal where the "record fail[ed] to 'conclusively' show ineffective assistance"). Because it does not conclusively appear on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. Accordingly, we grant the Government's motion to dismiss,

3

in part, and dismiss the appeal in part as to all issues falling within the scope of the broad appeal waiver in Griggs' plea agreement. We deny the motion, in part, as to any issues falling within the scope of the appeal waiver and affirm the criminal judgment in part.

This court requires that counsel inform Griggs, in writing, of her right to petition the Supreme Court of the United States for further review. If Griggs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griggs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*